FILED

MAY 03 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TRACEY J. TERRY,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No.   17-36053

D.C. No. CV16-5990-JPD

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Argued and Submitted April 12, 2019
Seattle, Washington

Before: FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

    Plaintiff-Appellant Tracey J. Terry appeals the district court's order

affirming the administrative law judge's (ALJ's) denial of her application for

Disability Insurance Benefits and Supplemental Security Income. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order affirming an ALJ's disability determination *de novo* and will uphold an ALJ's decision unless it contains legal error or is not supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014). Here, we affirm in part, reverse in part, and remand to the agency for further consideration to address the errors identified below.[1]

1. The ALJ Must Evaluate Terry's Headaches. The ALJ concluded that Terry's headaches constituted a severe impairment but omitted the symptoms and limitations caused by her headaches from the residual functional capacity (RFC) determination, without providing a reason for doing so.

The ALJ carefully summarized Terry's medical evidence—including her headaches—before stating that Terry's testimony "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible *for the reasons stated below.*" In support of her negative credibility finding, the ALJ compared Terry's testimony and self-reporting to the objective medical evidence. The ALJ thoroughly addressed and rebutted Terry's testimony and medical evidence regarding her two other severe impairments but the ALJ's decision did

---

[1] Because the parties are familiar with the facts and arguments on appeal, we do not recite them here.

not address Terry's headaches when analyzing Terry's credibility and weighing the medical evidence.

An ALJ "may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Garrison*, 759 F.3d at 1015 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)). Because the ALJ did not provide any specific reasons for discrediting Terry's testimony regarding the symptoms and limitations caused by her headaches, this omission from the RFC was error. *Id.* at 1011 ("the ALJ determines a claimant's residual functional capacity . . . based on all the relevant medical and other evidence in [the] case record. If a claimant has multiple impairments, they are all included in the assessment." (internal quotation marks and citations omitted)).

Finally, "we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (quoting *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)). Nor may we affirm the decision under the rubric of harmless error, because the vocational expert's response to the ALJ's second hypothetical shows that the omission of Terry's headache symptoms and limitations from her RFC was not "irrelevant to the ALJ's ultimate disability conclusion." *Id*. at 1055.

3

2.  Terry's Remaining Claims Fail.  The ALJ otherwise provided specific, clear, and convincing reasons for rejecting Terry's testimony about her symptoms and limitations, and provided germane reasons for rejecting the lay testimony Terry offered in support of her claims.  Additionally, the ALJ provided specific and legitimate reasons supported by substantial evidence to discount the medical opinions Terry addresses in her appeal.  While the ALJ's failure to: (1) ensure that Terry viewed the CD containing her medical evidence prior to her hearing; and (2) inform Terry of her right to cross-examine the vocational expert at the hearing were procedural errors under 20 C.F.R. § 404.916(b)(3) (2017), these errors were harmless because Terry fails to show that either error prevented the admission or evaluation of any material evidence.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Each party shall bear their own costs.